UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14118-MARRA/MAYNARD

MICHAEL F. GORDON, and
ANITA L. GORDON,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

## ORDER ON DEFENDANT'S MOTION FOR RULE 35 EXAMINATIONS

**THIS CAUSE** comes before the Court on Defendant's Motion for Order Directing Plaintiff Michael Gordon to Submit to Rule 35 Examinations (DE 20). Having considered the Motion, Response, and being otherwise advised in the premises, is it hereby ORDERED that Defendant's Motion is granted for the reasons set forth below.

Plaintiffs Michael F. Gordon and Anita L. Gordon, husband and wife, initiated this suit on April 20, 2020, asserting claims for negligence on behalf of Mr. Gordon and loss of consortium on behalf of Mrs. Gordon against Defendant pursuant to the Federal Tort Claims Act. DE 1. Plaintiffs allege that on August 26, 2018, non-party Brian Jeffrey Stafford, while acting within the course of his employment with Defendant, operated a motor vehicle owned by Defendant in a negligent manner and struck Mr. Gordon, a pedestrian, at a specified intersection in Jensen Beach, Florida. *Id.* at ¶¶ 7-9. As a result, Plaintiffs claim Mr. Gordon "suffered severe bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, and loss of capacity for the enjoyment of life, together with the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a

previously existing condition." *Id.* at ¶ 10.

Due to the varied injuries alleged by Plaintiff, Defendant has engaged several expert witnesses and noticed four examinations pursuant to Federal Rule of Civil Procedure 35. DE 20 at ¶ 4. Two of those examinations are at issue in the instant Motion: (1) examination by neuropsychologist Laurence S. Levine noticed for March 11 and March 12, 2021; and (2) examination by life care planner/vocational rehabilitation expert Steve Bast noticed for March 17, 2021. *See generally id.* Defendant argues that Mr. Gordon's mental and physical state are at issue in this case such that there is good cause for the examinations. It also contends it has a good faith belief that Plaintiff will not comply with the notices for the examinations with Dr. Levine or Mr. Bast. *Id.* at ¶¶ 5.

In response, Plaintiffs request that the examinations be video recorded and that they receive a copy of the raw data from the examinations to afford them an opportunity to evaluate the reliability and validity of the data collection and interpretation. DE 23. Plaintiffs contend that these examinations are adversarial proceedings and that "the only way to know standards and protocols are followed is if the raw data is provided to Plaintiffs' counsel and the recording of the testing process take place to allow for a fair post-examination evaluation of processes by the Plaintiffs." *Id.* at 4.

Under Rule 35 of the Federal Rules of Civil Procedure, a court may order a party whose physical condition is in controversy to submit to a physical examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). Rule 35 is silent, however, as to who may attend the examination and the procedures for the examination. *See Id.*; *Rando v. Gov't Emps. Ins. Co.*, No. 5:06-CV-336-OC-10GRJ, 2008 WL 11434556, at *1 (M.D. Fla. Jan. 2, 2008). This issue is left to the court's discretion. *Goggins v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1660609, at *2

(M.D. Fla. May 3, 2011).

The majority view in federal court is to exclude third parties from Rule 35 examinations absent special circumstances. *E.g., Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 526 (S.D. Fla. 2009); *Kropf v. Celebrity Cruises, Inc.*, 2014 WL 6682533, at *3 (S.D. Fla. Nov. 25, 2014); *Davanzo v. Carnival Cruise Lines*, 2014 WL 1385729, at *3 (S.D. Fla. Apr. 9, 2014) (citing *Holland v. U.S.*, 182 F.R.D. 493, 495 (D.S.C.1998) (collecting cases)). In evaluating whether to permit the presence of a third party, the party seeking to have the observer present bears the burden of demonstrating "good cause" for the request pursuant to Fed. R. Civ. P. 26(b), as the presence of a third party is not typically necessary or proper. *Rando*, 2008 WL 11434556, at *1; *Tarte v. United States*, 249 F.R.D. 856, 859 (S.D. Fla. 2008). Courts generally analyze a request for a recording device at a Rule 35 examination in the same way they evaluate whether to permit the presence of a third party. *See Lerer v. Ferno–Washington, Inc.,* No. 06–81031, 2007 WL 3513189, at *1 (S.D. Fla. Nov.14, 2007); *Calderon*, 258 F.R.D. at 529. Therefore, the burden is on the party seeking to have the exam recorded to demonstrate "good cause" for the request.

In this case, Plaintiffs have not satisfied their burden of establishing that good cause exists to video record Mr. Gordon's Rule 35 examinations. Plaintiffs request the examinations be recorded because Rule 35 examinations are inherently adversarial, requiring Mr. Gordon to "show up at a specific place, to take specified tests, all while the doctors are being paid a large sum of money by Defendant, with the sole purpose of aiming to disprove injuries." DE 23 at 3. Plaintiffs' generalized argument could be made about any Rule 35 examination in any case and indicates no special circumstances about *this case* that justify videorecording Mr. Gordon's examinations. *C.f. Calderon*, 258 F.R.D. at 526 ("The appropriate inquiry is whether special circumstances are

present which call for [an] order tailored to the specific problems presented."). Plaintiffs are adequately safeguarded by Rule 35's requirement that an examiner provide a detailed written report of the examination setting forth the examiner's specific findings and the tests administered. Fed. R. Civ. P. 35(b). Plaintiff may then depose Dr. Levine and Mr. Bast regarding the examinations and challenge the findings, testing, and conclusions.

Plaintiff's also contend that videorecording preserves evidence of "variations, errors, and misbehavior," particularly where the exam concerns "soft science" subjects that are open to interpretation, like those in this case. *Id.* at 4. While the Court acknowledges Plaintiffs' concerns about the potential bias of a defense-selected expert conducting Mr. Gordon's examinations, they have provided nothing specific to suggest that Defendant's experts will not make fair examinations in this case. Indeed, the Court has no reason to doubt that Dr. Levine or Mr. Bast will conduct their examinations without "misbehavior." However, given the nature of the examinations involved—neuropsychology and life care planning/vocational rehabilitation—both examiners shall provide to Plaintiffs copies of the raw data obtained in their examinations of Mr. Gordon to ensure Plaintiffs' counsel will be able to fully and fairly cross-examine them. *Rando*, 2008 WL 11434556, at *2.

Based on the foregoing and because Plaintiffs have put Mr. Gordon's physical and mental condition in controversy such that there is good cause for the Rule 35 examinations in this case, *see Calderon*, 258 F.R.D. at 524, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for an order Directing Plaintiff Michael F. Gordon Submit to Rule 35 Examinations (DE 20) is **GRANTED**. Plaintiff Michael F. Gordon shall submit to the following:

1. An examination by Dr. Laurence S. Levine on Thursday, March 11, 2021 and Friday, March 12, 2021 from 10:00 a.m. to 3:30 p.m. at 3801 PGA Blvd., Suite 600 in Palm Beach Gardens, Florida 33410.

2. An examination by Mr. Steve Bast on Wednesday, March 17, 2021 from 9:00 a.m. to 5:30 p.m. at Westwind Consulting, Inc., 1001 W. Cypress Creek Rd., Suite 320 in Ft. Lauderdale, Florida 33309.

It is further **ORDERED AND ADJUDGED** that neither examination will be video recorded. It is further **ORDERED AND ADJUDGED** that Dr. Levin and Mr. Bast shall provide to Plaintiffs as an attachment to their written reports, copies of their raw data and test booklets, if any, that were used or obtained in their examinations of Mr. Gordon.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 8th day of March, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE